UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:15-cr-00040-JAW-09 |
| | ) | |
| AKEEN OCEAN | ) | |

**ORDER ON PENDING MOTIONS**

Faced with a motion to suppress evidence that was filed after the deadline for the filing of pretrial motions and with a motion that failed to comply with a local rule requirement of accompanying affidavits for motions, the Court concludes that the Defendant has demonstrated good cause for his late filing and that the affidavit requirement must bend to the defendant's Fifth Amendment rights. The Court grants the Defendant's motion to reset the motion deadline and denies the Government's efforts to strike the late-filed motion.

**I.   BACKGROUND**

   **A.   Procedural Background for the Motions**

On February 12, 2015, a federal grand jury indicted Akeen Ocean along with ten others, charging them with engaging in a conspiracy to distribute cocaine base. *Indictment* (ECF No. 3). On September 9, 2015, Mr. Ocean moved to suppress evidence, the recovery of which he contended violated the United States and state of Maine constitutions. *Def.'s Mot. to Suppress Statements Obtained in Violation of Def.'s Const. Rights* (ECF No. 275) (*Def.'s Mot.*). On September 9, 2015, Mr. Ocean

also moved to extend the time for filing pretrial motions.  *Def.'s Mot. to Re-Open Pretrial Mots. Deadline* (ECF No. 273) (*Def.'s Mot. to Re-Open*).

On September 10, 2015, the Government moved to strike Mr. Ocean's motion to suppress as untimely and failing to comply with Local Rule 147(a).  *Gov't's Mot. to Strike Def.'s Mot. to Suppress* (ECF No. 276) (*Gov't's Mot. to Strike*).  On September 10, 2015, the Government also objected to the Defendant's late filing and motion to reopen the pretrial motions deadline.  *Gov't's Objection to Reopen Pretrial Mots. Deadline* (ECF No. 277) (*Gov't's Opp'n to Reopening*).

On September 14, 2015, Mr. Ocean filed an amended motion, asking the Court to reset the pretrial motions deadline, *Am. Def.'s Mot. to Re-Set Pretrial Mots. Deadline* (ECF No. 280) (*Def.'s Am. Extension Mot.*), and an amended motion to suppress.  *Am. Def.'s Mot. to Suppress Statements Obtained in Violation of Def.'s Constitutional Rights* (ECF No. 281) (*Def.'s Am. Suppression Mot.*).  On September 17, 2015, the Government objected to Mr. Ocean's motion to reopen the pretrial motions deadline.  *Gov't's Objection to Reopen Pretrial Mots. Deadline* (ECF No. 283) (*Gov't's Second Opp'n*).  On September 28, 2015, the Government moved to strike Mr. Ocean's amended motion to suppress.  *Gov't's Mot. to Strike Def.'s Am. Mot. to Suppress* (ECF No. 288) (*Gov't's Second Mot. to Strike*).

On October 14, 2015, Mr. Ocean responded to the Government's objection to the resetting of the pretrial motions deadline.  *Resp. to Gov't's Objection to Re-Set Pretrial Mots. Deadline* (ECF No. 310) (*Def.'s Reply to Gov't's Second Opp'n*).  On October 15, 2015, Mr. Ocean responded to the Government's motion to strike his

motion to suppress. *Reply to Gov't's Mot. to Strike Def.'s Mot. to Suppress* (ECF No. 312) (*Def.'s Reply to Gov't's Mot. to Strike*).

### B.     Procedural Background for the Case

Following Mr. Ocean's February 12, 2015 indictment, Mr. Ocean was arrested on February 19, 2015 and the Government filed a motion for detention. *Mot. for Detention* (ECF No. 55). The Court appointed Attorney Ronald Bourget to represent Mr. Ocean on February 20, 2015, and Mr. Ocean had his initial appearance and was arraigned the same day. *Min. Entry* (ECF No. 74). Mr. Ocean was detained pending a detention hearing scheduled for February 26, 2015. *Id.*

On February 20, 2015, the Court issued a procedural order, setting March 6, 2015 as the deadline for Mr. Ocean to file all pretrial motions, and set twenty-one days after the filing of the Defendant's motions as the deadline for the Government's response. *Procedural Order* at 1 (ECF No. 76). The Court set April 7, 2015 as the trial date. *Id.* at 1. The Court ordered Mr. Ocean temporarily detained on February 20, 2015. *Order of Temp. Detention* (ECF No. 89).

The Magistrate Judge held a detention hearing on February 26, 2015 and ordered Mr. Ocean detained pending trial. *Order of Detention Pending Trial* (ECF No. 126). On March 3, 2015, the Court issued a speedy trial order, extending the motion deadline to May 5, 2015 and setting trial for June 2, 2015. *Speedy Trial Order* (ECF No. 136). Then on May 11, 2015, the Court issued another speedy trial order, extending the motion deadline to July 6, 2015 and setting a new trial date of August 4, 2015. *Second Speedy Trial Order* (ECF No. 183). On July 16, 2015, the Court reset

trial for September 1, 2015 and on July 23, 2015, the Court terminated the September trial list deadlines. *Trial List* (ECF No. 236).

## II.  THE PARTIES' POSITIONS

### A.  Akeen Ocean's Motions

In his motion to suppress, Mr. Ocean alleged that at some point (it was not clear when), he was approached by two federal drug enforcement agents and was told to get in the back of a police car. *Def.'s Mot.* at 1.  He said that he was never given any *Miranda*[1] warnings and was told that he had to answer the agent's questions concerning his connections with a Connecticut-based illegal drug operation. *Id.*  He maintains that "half-way through the interview, he was told that a lawyer would be appointed to represent him." *Id.*  Mr. Ocean claimed that he "was afraid" and "promised to tell the truth." *Id.*  He stated that the agents warned him that he was looking at "15 years in a Federal prison in Dakota" if he did not "tell the truth" and proffer later. *Id.* at 2.  At the end of the questioning, Mr. Ocean recalled that the agents told him that they were "going to let you go now." *Id.*  Mr. Ocean requested an evidentiary hearing on whether the statements that he gave to the officers in the patrol car should be suppressed as in violation of *Miranda*.

In his September 9, 2015 motion to re-open the discovery deadline, Mr. Ocean represented that discovery was not yet complete and that defense counsel had been given over 30,000 pages of supporting documents. *Def.'s Mot. to Re-Open* at 1.  Mr. Ocean's counsel indicated that upon receipt of full discovery, he would need

---

[1]    *Miranda v. Arizona*, 384 U.S. 436 (1966).

"additional time to file pretrial motions." *Id.* Mr. Ocean requested until September 30, 2015 to file pretrial motions. *Id.* at 2.

### B. The Government's Opposition

In its initial objection, the Government urged the Court to strike Mr. Ocean's motion because it was "untimely" and failed "to comply with D. Me. Loc. R. 147(a) and, thus, should be striken." *Gov't's Mot. to Strike* at 1. The Government observed that Mr. Ocean filed his motion to suppress more than two months after the July 6, 2015 motion deadline imposed by the Court. *Id.* at 3. The Government objected to Mr. Ocean's assertion that he had not yet received all the discovery in the case, contending instead that it had handed over "fourteen discs containing thousands of pages of discovery" on March 4, 2015. *Id.* The Government also argued that the Defendant had made no effort to show "good cause" for his failure to file a timely motion to suppress. *Id.* at 4. The federal prosecutor expressed his frustration that his efforts to communicate with defense counsel were not reciprocated. *Id.*

Citing Local Rule 147(a), the Government observed that Mr. Ocean had failed to file with the motion "[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based." *Id.* at 5 (quoting D. ME. LOC. R. 147(a)). The Government said that "[n]othing in discovery supports the defendant's version of what he claims happened during the interview." *Id.* The Government made the point that by relying on counsel to state the facts, Mr. Ocean has sought to avoid the repercussions of filing a false affidavit under Local Rule 147(a), which—if Mr. Ocean is convicted—could affect his sentence. *Id.* at 6 n.5.

### C. Akeen Ocean's Amended Motion to Extend Time

On September 14, 2015, Mr. Ocean filed an amended motion to reset the pretrial motions deadline. *Def.'s Am. Extension Mot.* at 1-2. In the amended motion, Mr. Ocean reiterates that defense counsel needs time "to receive and review discovery," noting that the Government provided over "30,000 pages of supporting documents." *Id.* at 1. Again, Mr. Ocean's counsel asserted that "[d]iscovery has not yet been fully received and defense cannot proceed in a meaningful manner without the *Grand Jury Transcripts*." *Id.* (emphasis in original). Mr. Ocean's lawyer also noted that there is a "gross deviation" between the interview of Mr. Ocean and the police report summarizing that interview. *Id.* at 1-2.

### D. Akeen Ocean's Amended Motion to Suppress

Also on September 14, 2015, Mr. Ocean filed an amended motion to suppress. *Def.'s Am. Suppression Mot.* at 1-9. He attached a copy of a police report from the New Haven Connecticut Police Department dated September 7, 2014 of an interview of Mr. Ocean on September 4, 2014 in Bangor, Maine. *New Haven Dep't of Police Serv.* (ECF No. 282) (Sept. 7, 2014).

### E. The Government's Objection

On September 17, 2015, the Government filed an objection, adopting the contents of its earlier argument. *Gov't's Second Opp'n* at 1.

### F. The Government's Motion to Strike

On September 28, 2015, the Government filed a motion to strike the Defendant's amended motion to suppress, adopting the contents of its earlier argument. *Gov't's Second Mot. to Strike* at 1.

### G. Defendant's Reply to the Government's Second Objection

On October 14, 2015, Mr. Ocean filed a reply to the Government's second objection to his motion to reset the pretrial motions deadline. *Def.'s Reply to Gov't's Second Opp'n* at 1-3. In his reply, Mr. Ocean's counsel complained about his difficulty sorting through the relevant portions of the 30,000 pages of discovery that the Government provided. *Id.* at 1-2. He explained, however, that once he compared the New Haven Police Department report dated September 7, 2014 of the interview of his client to the encrypted audio disc of that interview, he contacted Assistant United States Attorney Casey and filed the motion to suppress. *Id.* at 2. Arguing that the case is "unique and very convoluted," Mr. Ocean requested some unnamed additional discovery and a hearing on the issues raised in the motion to suppress. *Id.*

### H. Defendant's Reply to Government's Second Motion to Strike

In reply to the Government's second motion to strike, Mr. Ocean stated that he has been at a disadvantage because the audio recording that forms the basis of the motion cannot be presented with the motion as it is encrypted and sensitized. *Def.'s Reply to Gov't's Mot. to Strike* at 2. Furthermore, Mr. Ocean contended that the Government had failed to correlate the encrypted audio with the September 7, 2014 police report and Mr. Ocean's counsel only recently discovered that the two—the

7

encrypted audio recording and the New Haven police report—were related. *Id.* at 3. Mr. Ocean maintained that the audio recording would satisfy Local Rule 147(a)'s filing requirements, but that because it is encrypted, attaching the audio recording to the motion would be ineffective. *Id.* at 3-4. He urged the Court to schedule an oral argument on the motion so he will be able to present the audio recording to the Court. *Id.* at 4.

### III.   DISCUSSION

#### A.   Late Filing

Federal Rule of Criminal Procedure 12(b)(3)(C) provides that a defendant must file a motion for suppression of evidence before trial. The Court set July 6, 2015 as the motion deadline for pretrial motions and Mr. Ocean concedes that he filed his motion after the motion deadline lapsed. Under Federal Rule of Criminal Procedure 12(c)(3), a motion is deemed untimely if a party fails to meet the court-imposed deadline. *United States v. McDowell*, 918 F.2d 1004, 1009 (1st Cir. 1990).

However, a court may consider a request to file an untimely motion "if the party shows good cause." FED. R. CRIM. P. 12(c)(3). A showing of good cause can include demonstrating: 1) insufficient time to file a motion; 2) no prior notice of an error, defect, or objectionable action despite due diligence; or 3) ineffective counsel. 24 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE — CRIMINAL PROCEDURE § 612.06 (3d ed. 2002); *see also Kimmelman v. Morrison*, 477 U.S. 365, 374-75 (1986) (*Strickland* standard applies to claims that counsel was ineffective for failing to make pretrial suppression motion); *United States v. Lamela*, 942 F.2d 100, 104 (1st Cir.

1991) (motion to dismiss indictment at trial on grand jury issue not untimely where defense did not obtain grand jury materials until trial); *United States v. Grandmont*, 680 F.2d 867, 872-73 (1st Cir. 1982) (untimely motion to suppress evidence on grounds that affidavit underlying warrant was improper not subject to relief from waiver where defense counsel was given copy of warrant and list of items seized six weeks before trial, and was aware that he could obtain affidavit underlying it, but never requested it). To grant or deny relief of waiver is within the court's discretion. *United States v. Cameron*, 729 F. Supp. 2d 418, 421 (D. Me. 2010), *aff'd in part and reversed in part* 699 F.3d 621 (1st Cir. 2012).

Here, Mr. Ocean contends that he had good cause for the late filing because of the voluminous discovery – approximately 30,000 pages – he received from the Government and his late correlation of the encrypted audio with the police report. The Court accepts Attorney Bourget's assertion that he discovered the information that forms the basis of his motion only after the motion deadline lapsed. Furthermore, the Court observes that the charges against Mr. Ocean are serious. According to the Government's amended synopsis, Mr. Ocean faces a maximum term of incarceration of twenty years, a maximum fine of $1,000,000, a special assessment of $100, and after any incarceration, a mandatory period of three years and a maximum of life on supervised release. *Am. Synopsis* (ECF No. 202). Finally, the contents of the September 7, 2014 New Haven Police Department report of the officers' interview of Mr. Ocean confirm that during the interview, Mr. Ocean essentially confessed to committing the charged crime. *See New Haven Police Dep't*

*Report* at 1-2.  Mr. Ocean's motion to suppress evidence therefore runs to the heart of the case against him and his defense.

Based on all of these factors, the Court concludes that Mr. Ocean has met his burden to demonstrate good cause for his late filing of the motion to suppress.

### B.     Absence of Supporting Affidavit

Local Rule 147(a) provides:

> Every motion shall incorporate a memorandum of law, including citations and supporting authorities.  Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.

D. ME. LOC. R. 147(a).  The Government observes that the essential factual assertions in Mr. Ocean's motion are unsupported by any affidavit or other document in accordance with this rule, leaving the Court only with the unsupported assertions of defense counsel.  The Government is correct as far as it goes.

But the provisions of the Local Rule must bend to Mr. Ocean's Fifth Amendment right to remain silent.  As the facts as related by Attorney Bourget may implicate Mr. Ocean's Fifth Amendment rights, the only means that the controversy may be placed before the Court is through assertions of counsel as partially illuminated by the New Haven Police Department report.  Although the Court is not at all clear how Mr. Ocean intends to proceed, it may be that the filing of a transcript of the encrypted interview will be sufficient from his viewpoint to generate the issue he has presented.  In any event, given the context of this issue, the Court overrules the Government's Local Rule 147(a) objection.

## IV. CONCLUSION

The Court GRANTS Defendant's Amended Motion to Re-Set Pretrial Motions Deadline (ECF No. 280) and the Court extends the deadline for the filing of Defendant's motion to suppress evidence to September 30, 2015. The Court overrules the Government's Objection to Reopen Pretrial Motions Deadline (ECF No. 277), and the Government's Objection to Reopen Pretrial Motions Deadline (ECF No. 283). Treating the September 14, 2015 amended motion to suppress as the operative motion (ECF No. 281), the Court DISMISSES as moot Defendant's Motion to Suppress Statements Obtained in Violation of Defendant's Constitutional Rights (ECF No. 275).

The Court DENIES the Government's Motion to Strike Defendant's Motion to Suppress (ECF No. 276) and Government's Motion to Strike Defendant's Amended Motion to Suppress (ECF No. 288).

The Court will schedule a telephone conference with counsel to determine what is next.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of December, 2015